```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                        COLUMBUS DIVISION
```

```
UNITED STATES OF AMERICA        *

     VS.                        *      CASE NO.4:15-CR-17 (CDL)

DARIUS HARBIN                   *
_____
```

ORDER

Defendant has filed a motion to suppress statements he made during a custodial interrogation by a special agent of the United States Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF). (ECF No. 27) Defendant contends that his right to counsel under the Sixth Amendment to the United States Constitution was violated when the ATF special agent interrogated him, knowing that he was represented by counsel on related state charges. Because the state charges are separate and distinct from the federal charges for which the ATF special agent interrogated him and because Defendant voluntarily and knowingly waived his right to counsel along with his other *Miranda* rights regarding the ATF interrogation, Defendant's motion is denied as more fully explained in the remainder of this Order.

1

FACTUAL BACKGROUND

On May 24, 2014, Columbus, Georgia police officers were dispatched to a convenience store to investigate an armed struggle. Upon arrival at the scene, the officers observed the alleged victim physically restraining the Defendant at gunpoint. The victim explained to the officers that prior to their arrival, he was fueling his car when the Defendant approached him with a drawn gun in an attempt to steal his vehicle. An altercation ensued during which the victim was able to take Defendant's gun from him and restrain him until the police arrived. Defendant was arrested and taken into custody.

Defendant was subsequently charged by the state for possession of a firearm by a convicted felon, criminal attempt at hijacking a motor vehicle, aggravated assault, and misdemeanor possession of marijuana.[1] Counsel was appointed on June 12, 2014 to represent Defendant on the state charges.[2] Defendant was unable to make bond and remained in custody at the county jail on the state charges.

---

[1] In their briefs, the Government represents to the Court that the state did not charge Defendant with possession of a firearm by a convicted felon while Defendant's counsel represents that they did. No evidence was presented to allow the Court to resolve this dispute. For purposes of the present motion, the Court accepts Defendant's position.

[2] The Government contends in its brief that counsel was provided *sua sponte* and that Defendant did not expressly invoke his right to counsel. But the Government has presented no evidence to support this bare assertion. For purposes of the present motion, the Court assumes that Defendant did invoke his right to be represented by counsel on the state charges.

On October 16, 2014, an ATF special agent visited Defendant at the county jail to interview him about the incident for which he had been arrested by the local authorities.  Before the interview, the ATF agent advised Defendant of his *Miranda* rights.  Defendant acknowledged orally and in writing that he understood those rights and that he voluntarily wished to waive them.  Prior to any substantive discussion of the events giving rise to his arrest, Defendant informed the ATF agent that he was presently represented by a lawyer on the state charges.  The ATF agent nevertheless proceeded with his interrogation.  Defendant was subsequently indicted by a federal grand jury for the following federal crimes:  possession of a firearm by a convicted felon, attempted carjacking, and possession of a firearm in furtherance of a crime of violence.

Defendant now seeks to suppress any statements he made during the interrogation by the federal ATF agent, arguing that upon being notified that he was represented by counsel on the state charges, the ATF agent had no right to proceed with the interview notwithstanding Defendant's election to waive his constitutional rights.  By continuing with the interrogation, the ATF agent, according to Defendant, violated his Sixth Amendment right to counsel.[3]

---

[3] Defendant has not pointed to any evidence to suggest that the ATF agent's conduct of interrogating Defendant while knowing that he was represented by counsel on the state charges violated his Fifth Amendment right against self-

3

DISCUSSION

The Sixth Amendment to the Constitution provides in part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Const. amend. VI. But an accused has the right to waive his right to counsel as long as that waiver is knowing, voluntary, and intelligent. *See, e.g., Montejo v. Louisiana*, 556 U.S. 778, 786 (2009). In this case, the federal ATF agent clearly explained to Defendant his right to counsel as well as his other Fifth and Sixth Amendment rights. And the record indicates that Defendant understood those rights and voluntarily waived them.

Defendant now maintains, however, that his waiver of his Sixth Amendment right to counsel was not effective because he informed the federal ATF agent that he was represented by counsel *on the state charges.* While the state may have been prevented from subsequently interviewing Defendant on the state charges knowing that he was represented by counsel on those charges, the Eleventh Circuit has clearly held that an accused can waive his Sixth Amendment right to counsel during an interview by a federal agent who is investigating federal

---

incrimination. To establish that type of Fifth Amendment violation, Defendant would have to show that he had previously invoked the right to counsel specifically for the purpose of "*dealing with custodial interrogation by the police*." *McNeil v. Wisconsin,* 501 U.S. 171, 178 (1991) (emphasis in original). No such evidence exists in the present record.

4

charges that are distinct from the state charges, even though the federal charges may arise from the same conduct giving rise to the state charges and the federal agent knows that the accused is represented by counsel on the related state charges. *See United States v. Burgest,* 519 F.3d 1307, 1308 (11th Cir. 2008). When an accused's conduct "violate[s] the laws of separate sovereigns," the offenses are distinct for purposes of the Sixth Amendment right to counsel. *Id.* Here, the federal charges are distinct from the state charges because they arise from the laws of the United States and not the State of Georgia. It does not matter that the conduct giving rise to the separate crimes may be the same. Accordingly, Defendant's invocation of his Sixth Amendment right to counsel for purposes of the state charges does not attach to the federal charges, and because Defendant did not invoke his right to counsel on the federal charges, and in fact knowingly and voluntarily waived his right to counsel, suppression of Defendant's statements to the federal ATF agent is not required by the Sixth Amendment. *Id.* at 1311.[4]

## CONCLUSION

For the reasons explained in this Order, Defendant's motion to suppress the custodial statements (ECF No. 27) is denied.

---

[4] Defendant informs the Court that a Circuit split exists on this issue. But this Court is duty bound to follow the holdings of the Eleventh Circuit. Even if tempted to do so, it has no business evaluating the persuasiveness of the rationale of that binding precedent or speculating as to whether the Supreme Court will eventually uphold it.

```
                              s/Clay D. Land
                              CLAY D. LAND
                              CHIEF U.S. DISTRICT COURT JUDGE
                              MIDDLE DISTRICT OF GEORGIA
```